# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0574V
Filed: February 5, 2018
UNPUBLISHED

| | |
|---|---|
| LINCOLN JOHN and DASWATTIE JOHN, as parents and natural guardians of K.J., a minor child,<br><br>Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioners.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 12, 2016, Lincoln and Daswattie John ("petitioners"), as the parents and natural guardians of their minor son, K.J., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that K.J. suffered Guillain-Barré syndrome ("GBS") as a result of the following vaccines administered to him on May 12, 2014: influenza ("flu") vaccine, varicella vaccine, and/or measles-mumps-rubella ("MMR") vaccine; and/or as a result of the following vaccines administered to him on June 12, 2014: hepatitis A ("Hep A") vaccine; diphtheria-tetanus-acellular pertussis ("Dtap") vaccine, haemophilus influenza type B ("HIB") vaccine, and pneumococcal conjugate ("Prevnar") vaccine.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petition at ¶¶1-23.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 22, 2017, a ruling on entitlement was issued, finding petitioners entitled to compensation.  On February 5, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioners should be awarded $152,418.89.  Proffer at 2.  In the Proffer, respondent represented that petitioners agree with the proffered award.  Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioners the following:**

A. **A lump sum payment of $115,000.00 representing compensation for K.J.'s pain and suffering in the form of a check payable to petitioners as guardians/conservators of the estate of K.J. for the benefit of K.J**.  No payment shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of K.J.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of K.J. at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.J. upon submission of written documentation of such appointment to the Secretary.

B. **A lump sum payment of $37,418.89, representing compensation for satisfaction of a State of New York Medicaid lien on K.J.'s behalf, payable jointly to petitioners and**

>HMS, Inc.
>Estate & Casualty Recovery Unit
>P.O. Box 167887
>Irving, TX 75016
>Medicaid ID: 189705

Petitioners agree to endorse this payment to the State of New York.  These amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LINCOLN JOHN and DASWATTIE JOHN, <br> As Parents and Natural Guardians of, <br> K.J., a minor child, <br><br>                 Petitioners, <br><br>     v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | **ECF-SPU** <br><br><br><br><br><br> No. 16-574V <br> Chief Special Master <br> Nora Beth Dorsey |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 12, 2016, Lincoln John and Daswattie John ("petitioners"), filed a petition for vaccine injury compensation alleging that the influenza ("flu") vaccine, varicella vaccine, measles-mumps-rubella ("MMR") vaccine, and hepatitis A ("Hep A") vaccine, administered to their minor son, K.J., on May 12, 2014, and/or the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, haemophilus influenza type B ("HIB") vaccine, and pneumococcal conjugate ("Prevnar") vaccine, administered to him on June 12, 2014, caused him to develop Guillain-Barré Syndrome ("GBS").

On September 22, 2017, respondent filed his Rule 4(c) Report electing not to contest entitlement in this matter, and the Chief Special Master's Ruling on Entitlement was issued the same day. Respondent now files this Proffer regarding compensation to be awarded to petitioners, on K.J.'s behalf, under the terms of the Vaccine Act.

I.     **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioners, on K.J.'s behalf, should be awarded $152,418.89, consisting of pain and suffering in the amount of $115,000.00 and funds to satisfy a State of New York Medicaid lien in the final amount of $37,418.89, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of New York may have against any individual as a result of any Medicaid payments the State of New York has made on behalf of K.J. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury under Title XIX of the Social Security Act.

The proffered amount of $152,418.89 represents all elements of compensation to which petitioners would be entitled on K.J.'s behalf under 42 U.S.C. § 300aa-15(a).[1]   Petitioners agree.

II.    **Form of the Award**

The parties recommend that the compensation provided to petitioners should be made through a combination of lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.  A lump sum payment of $115,000.00 representing compensation for K.J.'s pain and suffering in the form of a check payable to petitioners as guardians/conservators of the estate of K.J. for the benefit of K.J.  No payment shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of K.J.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as

---

[1]  Should K.J. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.   In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

guardians/conservators of the estate of K.J. at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.J. upon submission of written documentation of such appointment to the Secretary.

B.   A lump sum payment of $37,418.89, representing compensation for satisfaction of a State of New York Medicaid lien on K.J.'s behalf, payable jointly to petitioners and

> HMS, Inc.
> Estate & Casualty Recovery Unit
> P.O. Box 167887
> Irving, TX 75016
> Medicaid ID: 189705

Petitioners agree to endorse this payment to the State of New York.

### III.   Summary of Recommended Payments Following Judgment

A.   Lump Sum paid to petitioners:   **$115,000.00**

B.   Medicaid lien:   **$ 37,418.89**

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

3

                                                s/Lisa A. Watts
                                                LISA A. WATTS
                                                Senior Trial Attorney
                                                Torts Branch, Civil Division
                                                U.S. Department of Justice
                                                P.O. Box 146
                                                Benjamin Franklin Station
                                                Washington, D.C. 20044-0146
                                                Tel.:   (202) 616-4099

DATED: February 5, 2018