# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0574V
Filed: June 17, 2019
UNPUBLISHED

| | |
|---|---|
| LINCOLN JOHN and DASWATTIE JOHN, as parents and natural guardians of K.J., a minor child,<br><br>             Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>             Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioners.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On May 12, 2016, Lincoln and Daswattie John ("petitioners"), as the parents and natural guardians of their minor son, K.J., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that K.J. suffered Guillain-Barré syndrome ("GBS") as

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

a result of the following vaccines administered to him on May 12, 2014: influenza ("flu") vaccine, varicella vaccine, and/or measles-mumps-rubella ("MMR") vaccine; and/or as a result of the following vaccines administered to him on June 12, 2014: hepatitis A ("Hep A") vaccine; diphtheria-tetanus-acellular pertussis ("Dtap") vaccine, haemophilus influenza type B ("HIB") vaccine, and pneumococcal conjugate ("Prevnar") vaccine. Petition at ¶¶1-23. On February 5, 2018, the undersigned issued a decision awarding compensation to petitioners based on the respondent's proffer. ECF No. 45.

On January 30, 2019, petitioners filed a motion for attorneys' fees and costs. ECF No. 58. Petitioners request attorneys' fees in the amount of $37,781.80 and attorneys' costs in the amount of $1,926.43. *Id.* at 2. Petitioners also request attorneys' fees and costs incurred by the local guardianship counsel, Fowler, Doyle, Spiess and Florsch, PLLC, in the amount of $2,456.00. *Id.* at 3. In compliance with General Order #9, petitioners filed a signed statement indicating that petitioners incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $42,164.23.

On February 8, 2019, respondent filed a response to petitioners' motion. ECF No. 59. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On February 14, 2019, petitioners filed a reply. ECF No. 60. Petitioners dispute respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioners' request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and

without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.   Discussion

### A.  Hourly Rates

#### i.  Isaiah Kalinowski

Petitioners requests the following hourly rates for attorney Isaiah Kalinowski; $341 for work performed in 2015, $349 for work performed in 2016, $358 for work performed in 2017, and $368 for work performed in 2018.  These rates have been previously awarded to Mr. Kalinowski and are awarded herein.  For 2019, petitioners are requesting an hourly rate of $383.  The undersigned finds the rate increase reasonable given the Mr. Kalinowksi's experience in the Vaccine Program, his overall legal experience, and the quality of the work performed and awards the rate requested in full.

#### ii.  Jessica Olins

With regard to Ms. Olins's requested hourly rate of $205 for work performed in 2019, the undersigned finds the proposed rate excessive based on her overall legal experience, the quality of work performed, her experience in the Vaccine Program, and her reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.,*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Court's Fee

Schedule, an attorney in the range of less than four years of experience us entitled to an hourly rate between $162 - 243 for work performed in 2019.[3]

Ms. Olins was awarded an hourly rate of $184 per hour for work performed in 2018.  An increase for 2019, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of $199 per hour, which is a more appropriate rate given the undersigned's experience and analysis of the McCulloch factors as applied to Ms. Olins.  Therefore, the undersigned reduces the fee request by **$0.60**.

### B.  Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that three attorneys and 11 paralegals billed for work in this case, with some paralegals billing for less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files.  For example, the attorneys and the paralegals list 38 separate entries for reviewing court notifications of filings and updating file entries or deadlines, for a total of five hours of time.  The undersigned reduces the request for attorneys' fees by **$429.90**[4], the total of the duplicated entries at the paralegal rates.

### C.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative.  In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).  A total of 2.5 hours was billed by paralegals on tasks considered administrative

---

[3] The Attorneys' Fee Schedule for 2019 is available at http://www.uscfc.uscourts.gov/node/2914

[4] This amount consists of 0.60 hours at $135 per hour, 2.10 hours at $145 per hour and 0.30 hours at $148 per hour.

4

including, receiving documents, forwarding correspondence, reviewing, organizing and finalizing documents. The undersigned reduces the request for attorney fees by **$384.90**[5], the total amount of entries considered administrative.

### III.   Attorney Costs

A.  Maglio Christopher & Toale, PA

Petitioners requests reimbursement for attorney costs incurred by the firm of Maglio Christopher & Toale, PA, in the amount of $1,926.42. After reviewing petitioners' invoices, the undersigned finds no cause to reduce petitioners' request and awards the full amount of attorney costs sought.

B.  Fowler, Doyle, Spiess & Florsch

Petitioners requests reimbursement for attorneys' fees and costs to establish a guardianship that were incurred by the firm of Fowler, Doyle, Spiess & Florsch, in the amount of $2,456.00. After reviewing petitioners' invoices, the undersigned finds no cause to reduce petitioners' request and awards the full amount of attorneys' fees and costs sought.

### IV.   Conclusion

Based on the reasonableness of petitioners' request, the undersigned **GRANTS IN PART** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $41,348.83**[6] **as follows:**

- **A lump sum of $38,892.83, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioner's counsel, Isaiah Kalinowski; and**

- **A lump sum of $2,456.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and Fowler, Doyle, Spiess and Florsch, PLLC.**

---

[5] This amount consists of 0.10 hours at $135 per hour, 1.70 hours at $145 per hour, 0.40 hours at $148 per hour, 0.20 hours at $154 per hour and 0.10 hours at $349 per hour.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

- **Petitioners requests that both checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.